**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHARLA CONN and DUSTIN CONN, | ) | 3:05-cv-00595-HDM-WGC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CITY OF RENO, RYAN ASHTON, and DAVID ROBERTSON, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the plaintiffs' request for an order regarding conflicting cost awards (#98), motion to deny costs (#147), and motion for retaxation of costs (#151).

On March 8, 2007, the court granted the defendants' motion for summary judgment. Plaintiffs appealed the court's order. Defendants filed a bill of costs. On May 2, 2007, the clerk of the

1

court taxed costs in the amount of $5,178.65.  Plaintiffs filed a motion to retax, which the court administratively closed in light of the pending appeal.  Now that a judgment has been entered in favor of the defendants on all claims, the court will consider the plaintiffs' motion to retax costs (#73).  The order administratively closing the motion is therefore vacated, and the court will consider the plaintiffs' original objections as supplemented by the current filings.

On appeal, the Ninth Circuit initially reversed the grant of summary judgment.  Following remand by the Supreme Court, the Circuit amended its opinion to affirm in part and reverse in part. As a result of the appeals process, the Supreme Court issued a $300.00 cost award in favor of the defendants, and the Ninth Circuit issued a $574.30 cost award in favor of the plaintiffs.

Upon remand, this matter was set for trial.  Before trial, plaintiffs filed a request for an order resolving the outstanding cost awards (#98).  The court reserved ruling on the request until the trial was held.

On March 14, 2012, the jury deliberated for approximately three hours and returned a verdict in favor of the defendants and against the plaintiffs.  Defendants filed another bill of costs. On March 29, 2012, plaintiffs filed a motion to deny costs (#147). The court reserved on the cost issues until after the clerk had taxed costs and the parties had the opportunity to file motions to retax.  Following the clerk's taxation of costs in the amount of $3,405.05, the plaintiffs filed a motion to retax, which reasserts the arguments set forth in their motion to deny costs and their first motion to retax filed in 2007.

2

Plaintiffs' request (#98) sought an order resolving the following costs awards:

- $5,178.65 against plaintiffs – District Court, May 2007
- $300.00 against plaintiffs – Supreme Court, April 2011
- $574.30 against individual defendants – Ninth Circuit, September 2011

Since the time plaintiffs filed their request, the clerk has taxed costs in the amount of $3,405.05 (District Court July 2012).

The clerk's July 2012 taxation of costs included both the Supreme Court and the Ninth Circuit cost awards. Accordingly, there is nothing left to resolve with respect to those awards, and plaintiffs' request in that regard is moot.

Plaintiffs argue that the May 2007 award, issued after this court granted defendants summary judgment, "has been set aside through operation of law as the Order upon which it was based was vacated by the Ninth Circuit. . . ." (Doc. #98 at 2). "Where a reviewing court reverses a district court's judgment for the prevailing party. . . both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). The Ninth Circuit reversed this court's order on which the 2007 cost award was based. Plaintiffs argue the 2007 award must therefore be considered reversed.

Ultimately, the defendants did prevail on all claims. Therefore, defendants are entitled to an award of all allowable costs, including those taxed initially in 2007. Under similar circumstances, the original cost award was reinstated. *See Asyst Techs. v. Emtrak Inc.*, 2009 WL 668727, at *3 (N.D. Cal. 2009).

3

However, the plaintiffs correctly argue that both the 2007 award and the 2012 award taxed costs for the same nine depositions. A double recovery is not permitted. Therefore the sum of $2,938.65 should be deducted from the 2007 award. The total reinstated award would therefore be $2,240.00. That, combined with the 2012 award of $3,405.05, brings the total award of allowable costs to $5,645.05.

The court next considers the following objections of the plaintiffs to the cost award.

Plaintiffs argue that the 2007 cost award was administratively closed, that defendants have not sought to reopen the award, and that the award is not final because it is still subject to objections that have yet to be considered by the court. However, it was not the cost award that was administratively closed but the plaintiffs' motion to retax. Further, plaintiffs had the opportunity to, and indeed did, file objections to the bill of costs before the clerk taxed costs, and the clerk of the court considered their objections. Plaintiffs also filed a motion to retax, which pursuant to this order the court has reopened and now considers. The motion is ripe for consideration.

Plaintiffs also argue that defendants' 2007 costs should be reduced by twenty-five percent for "gross excessiveness and overreaching." (Doc. #73). They argue the court may, in its discretion, reduce costs as a penalty for a defendant's attempt to enlarge costs in "plainly impermissible ways." *See Jansen v. Packaging Corp. of Am.*, 898 F. Supp. 625, 629 (N.D. Ill. 1995); *see also Andretti v. Boria Perf. Indus. Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) ("A district court does not abuse its discretion to deny

4

... costs when the prevailing party's expenditures are unreasonably large.").

In 2007 defendants obtained $5,178.65 in costs after seeking $22,740.11.  Much of these excess costs, plaintiffs argue, were for things that are plainly untaxable, such as expert witness fees. The court is not persuaded that defendants' original bill of costs was excessive to the point that it warrants the imposition of a penalty or sanction.

Finally, plaintiffs argue that the court should deny costs because they are indigent and this was a close case that presented important constitutional issues.

A prevailing party is presumptively entitled to an award of costs, although the court may in its discretion deny costs.  Fed. R. Civ. P. 54(d)(1).  Because of this presumption, "the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2004).  While the court must specify reasons for denying costs, it "need not give affirmative reasons for awarding [them]; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Id.*; *Assoc. of Mexican-American Educators v. Calif.*, 231 F.3d 572, 591 (9th Cir. 2000).

The court abuses its discretion if denies a motion to retax without considering: (1) a plaintiff's limited financial resources; and (2) the chilling effect of imposing high costs on future civil rights litigants.  *Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  These concerns are present in cases that raise "important issues ... the answers [to which a]re far from

5

obvious," *id.* at 1080, issues of "substantial public importance," and issues that are "close and difficult," *Assoc. of Mexican-American Educators*, 231 F.3d at 591-92.  Where indigency is claimed, the court may only consider the losing party's financial resources and ability to pay at "the time the costs were initially taxed." *Stanley*, 178 F.3d at 1080.  It may not consider future earning capacity because "whatever may have occurred" after costs were taxed "is of no consequence."  *Id.*  Also relevant to the court's consideration is the amount of the award.  *See Save Our Valley*, 335 F.3d at 945 ("[I]n the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted.").

Where the presumption is rebutted, the court may either deny or reduce costs.  *See Assoc. of Mexican-American Educators*, 231 F.3d at 593 ("[W]e note that divesting district courts of discretion to *limit or to refuse* such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases ... might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all.") (emphasis added); *Hunt v. City of Portland*, 2011 WL 3555772, at *4 (D. Or. 2011) (holding that *Stanley* "did not hold that the plaintiff there should not pay the defendants *any* costs at all . . . .  Implicit in the Ninth Circuit's . . . order is that the trial court could properly exercise its discretion to tax costs against the plaintiff in some amount."); Moore's Fed. Prac. § 54.101[1][b] ("Most circuits hold

that a substantiated claim of the losing party's indigency may justify a reduction or denial of costs to the prevailing party, although such indigency is not an absolute shield to the imposition of costs.").

Plaintiffs maintain that they are indigent and have submitted declarations to support their claim. Charla Conn was employed before trial and had earned only $286.25 this year, but she is now unemployed. For the last several years, she has subsisted at or near the poverty line. She has $443 in her checking account, $65 in cash, and a 15-year-old Volvo, but no investments, real property, or savings. (Pls. Mot. Retax Ex. 1 (Charla Conn Decl.)). Until recently, Dustin Conn was unemployed. At the time costs were taxed, he was employed as a used car salesman and his two biweekly paychecks were for $800 and $1,000, respectively. While he may have some debts, he is gainfully employed, and it appears he will continue to be gainfully employed and can therefore make appropriate payments toward the cost award in this case. He has $800 in his checking account, but no savings or real property. (Pls. Mot. Retax Ex. 2 (Dustin Conn Decl.)).

Plaintiffs also argue that this case was of substantial public importance. They point to the immediate change it effected in the way suicide threats are handled locally, the published Ninth Circuit opinion, the fact the case was reviewed by the Supreme Court, and the significant number of attorneys appearing *pro bono* on the case. Plaintiffs further argue that despite the jury's verdict, the case was close and the answers were "far from obvious."

The total cost award here is $5,645.05, which is a relatively

7

small award.  *Compare Save Our Valley*, 335 F.3d at 946 (upholding the "relatively small sum" of $5,310.55 against a community group) *with Assoc. of Mexican-American Educators*, 231 F.3d at 591-92 (upholding denial of $216,443.67 in costs against several individuals and a small nonprofit organization); *Stanley*, 178 F.3d at 1080 (suggesting but not holding that costs in the amount of $46,710.97 against an individual plaintiff were too high). However, the Ninth Circuit has itself declined to award the sum of $301.00 in appellate costs against an indigent prisoner plaintiff who raised substantial constitutional questions in his habeas appeal. *Sengenberger v. Townsend*, 473 F.3d 914, 915 (9th Cir. 2006) (holding that awarding costs would undermine the taking of meritorious appeals).

    The court believes that the total amount should be adjusted to reflect the current economic status of the plaintiffs and that such an award must not chill plaintiffs' rights to bring actions raising substantial constitutional issues.  Therefore, in balancing these factors together with the fact that the defendants are entitled to an award of costs as the prevailing parties, the court believes the costs awarded should be reduced by fifty percent for a total cost award of $2,822.53.

    In accordance with the foregoing, the court enters the following orders:

    1. The court's order dated June 7, 2007 (#74) administratively closing the plaintiffs' motion to retax (#73) is **VACATED**.

    2. The plaintiffs' request for an order resolving outstanding cost awards (#98) is **DENIED AS MOOT** as to the Supreme Court and Court of Appeals cost awards, but is **GRANTED** in all other respects.

     3. The plaintiffs' motions to retax (#73), to deny costs (#147) and to retax (#151) are **GRANTED** in part.  Costs are awarded in favor of the defendants and against the plaintiffs in the amount of $2,822.53.

     **IT IS SO ORDERED.**

     DATED: This 19th day of September, 2012.

*[signature: Howard D. McKibben]*
UNITED STATES DISTRICT JUDGE

9